UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC O'BRIEN, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>CONDUENT COMMERCIAL SOLUTIONS, LLC, a Nevada Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>   Defendants. | No. 1:21-cv-00512-NONE-JLT<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO COMPEL ARBITRATION AND DISMISSING CASE |

Before the court for decision is defendant's motion to compel arbitration, in which defendant requests that plaintiff be ordered to arbitrate all of the claims in this case and that this matter be dismissed. (Doc. No. 3.) Plaintiff has filed a statement of non-opposition in which he agrees to arbitrate all of the claims but requests that the matter be stayed (rather than dismissed) pending arbitration so that the court may "retain jurisdiction over the case until it reaches a final resolution to confirm, correct, or vacate the award." (Doc. No. 4.) Defendant did not respond to plaintiff's filing. Therefore, the court assumes defendant does not object to the requested stay.

Nonetheless, the court declines to stay this matter. It appears to be undisputed that a valid arbitration agreement exists and applies to all of the claims in this case. In such circumstances the court "must dismiss the action or compel the action to arbitration and stay the proceedings." *Ortiz v. Hobby Lobby Stores, Inc.*, 52 F. Supp. 3d 1070, 1089 (E.D. Cal. 2014); *see also Sparling*

1 | *v. Hoffman Constr. Co*., 864 F.2d 635, 638 (9th Cir. 1988) (where all claims were subject to an arbitration clause found to be valid "the plaintiffs could not possibly win relief and the dismissal was appropriate"). The court "has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration." *Ortiz*, 52 F. Supp. 3d at 1089 (internal citation and quotation marks omitted); *see also Farrow v. Fujitsu America, Inc*., 37 F. Supp. 3d 1115, 1126 (N.D. Cal. 2014) ("When arbitration is mandatory, courts have discretion to stay the case under 9 U.S.C. § 3 or dismiss the litigation entirely."). Here, the court concludes that dismissal of this action is appropriate because all of the claims are subject to the arbitration clause and plaintiff has offered no specific reason (other than a generic desire to have the undersigned handle subsequent proceedings) for the court to stay the matter instead of dismissing it.

Accordingly,

(1) Defendant's motion to compel arbitration and dismiss this action (Doc. No. 3) is GRANTED; and

(2) The Clerk of Court is directed to assign a district judge to this matter for the purposes of closure and then to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **May 5, 2021**

UNITED STATES DISTRICT JUDGE